IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THE CITY OF ST. LOUIS, MISSOURI, and THE LAND CLEARANCE FOR REDEVELOPMENT AUTHORITY OF THE CITY OF ST. LOUIS<br><br>Plaintiffs,<br><br>vs.<br><br>PINNACLE ENTERTAINMENT, INC. and PRESIDENT RIVERBOAT CASINO-MISSOURI, INC.<br><br>Defendants. | Case No.<br><br>Removed from the Circuit Court of St. Louis City, Missouri, Case No. 1022-CC02360<br><br>(Jury Trial Demanded) |

## NOTICE OF REMOVAL OF CIVIL ACTION

Defendants Pinnacle Entertainment, Inc. ("Pinnacle") and President Riverboat Casino-Missouri, Inc. ("PRC-MO" or collectively "Defendants"), pursuant to 28 U.S.C. §1441, hereby remove this action to this Court from the Circuit Court of St. Louis City, State of Missouri. This is a civil action over which this Court has original subject matter jurisdiction under 28 U.S.C. §1332(a) in that the amount in controversy exceeds Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and the action is between citizens of different states. In support hereof, Defendants state as follows:

### I.  INTRODUCTION

1.  Plaintiffs, The City of St. Louis, Missouri ("City") and The Land Clearance for Redevelopment Authority for the City of St. Louis ("LCRA" or collectively "Plaintiffs"), filed this case, styled *The City of St. Louis, Missouri and The Land Clearance for Redevelopment Authority for the City of St. Louis v. Pinnacle Entertainment, Inc. and the President Riverboat*

1

*Casino-Missouri, Inc.* in the Circuit Court of St. Louis City, State of Missouri. This lawsuit involves a Redevelopment Agreement entered into by and between Pinnacle and LCRA, on behalf of the City, on April 22, 2004. Pursuant to this Agreement, Pinnacle invested more than $900 million to construct Lumière Place Hotel and Casino in downtown St. Louis ("Lumière") and River City Casino in nearly Lemay ("River City"). PRC-MO is not a party to the Redevelopment Agreement.

## II.   NOTICE OF REMOVAL IS TIMELY

2.      On or about May 25, 2010, Plaintiffs filed this action in the Circuit Court of St. Louis City. On or about June 2, 2010, Pinnacle was served with a copy of Plaintiffs' Summons and Petition by process server. On or about June 2, 2010, PRC-MO was served with a copy of Plaintiffs' Summons and Petition by process server. This Notice of Removal is timely because it is filed within thirty (30) days of Pinnacle's and PRC-MO's receipt of service of the Petition and within one year of the commencement of this action as mandated by 28 U.S.C. §1446(b).

## III.   DIVERSITY JURISDICTION EXISTS

3.      The Court has original jurisdiction over this action under 28 U.S.C. §1332 and this case may be removed pursuant to 28 U.S.C. §1441(a) because it is a civil action in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and involves a controversy between citizens of different states. Although one of the Defendants named in the Petition, PRC-MO, is a citizen of the same state as the Plaintiffs, PRC-MO was improperly joined in this action, and therefore its citizenship should be ignored for purposes of removal.

4.      This action may be removed pursuant to 28 U.S.C. §1441(b) because complete diversity exists, as none of the properly joined Defendants is a citizen of the State of Missouri.

STLDOCS 238582v1

### A.      The Amount in Controversy Requirement is Satisfied

5.      In the Petition, Plaintiffs seek declaratory relief and damages against Pinnacle arising out of the Redevelopment Agreement. *See* Petition, **Exhibit B hereto.** Plaintiffs do not assert any claims against PRC-MO. *See id.* Rather, Plaintiffs seek: (1) a declaration from the court that "Pinnacle continues to be bound by the terms of the Redevelopment Agreement, including its obligation to invest $50 million in New Residential or Retail Construction" (Exhibit B, Count I); (2) damages against Pinnacle for its alleged "anticipatory repudiation" of the Redevelopment Agreement, claiming that Pinnacle is attempting to avoid making the claimed $50 million investment, and is also attempting to avoid paying a City Services Fee of $1 million annually (Exhibit B, Count II); and (3) damages against Pinnacle for its alleged breach of the "covenant of good faith and fair dealing" implied in the Redevelopment Agreement (Exhibit B, Count III). Although Plaintiffs' prayers for relief in Counts II and III allege "damages to be determined at a later date," it is clear from the allegations set forth in the Petition that the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* Exhibit B at ¶¶ 12, 33. In addition, the declaratory relief requested in Count I involves a contractual obligation alleged to exceed $50 million. Thus, the amount in controversy requirement is satisfied.

### B.      The Diversity of Citizenship Requirement is Satisfied.

6.      In the Petition, Plaintiffs allege that the City is a citizen of the State of Missouri and that the LCRA is a corporate and political body organized under the laws of the State of Missouri. Exhibit B at ¶¶ 3, 4.

7.      At the time Plaintiffs commenced this action and at the time of the filing of this Notice of Removal, Pinnacle, the only properly joined Defendant, was and is a corporation

3

organized under the laws of the State of Delaware with its principal place of business in the State of Nevada. Exhibit B at ¶ 1.

### C. PRC-MO, the Nondiverse Defendant, Has Been Fraudulently Joined, and thus Its Citizenship Must Be Disregarded.

8. At the time Plaintiffs commenced this action and at the time of the filing of this Notice of Removal, PRC-MO was and is a corporation organized under the laws of the State of Missouri with its principal place of business in the State of Missouri. Exhibit B at ¶ 2.

9. The citizenship of PRC-MO, however, must be disregarded because PRC-MO has been fraudulently joined to defeat diversity jurisdiction. "Joinder is fraudulent if, on the face of the state court complaint, no cause of action lies against the resident defendant." *Reeb v. Wal-Mart Stores, Inc.*, 902 F. Supp. 185, 186 (E.D. Mo. 1995); *see Anderson v. Home Ins. Co.*, 724 F.2d 82, 84 (8th Cir. 1983); *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002).

10. Here, no cause of action lies against PRC-MO, and this is made clear on the face of the Petition. Plaintiffs do not assert any claims against PRC-MO. Rather, their claims are directed only at Pinnacle. *See* Exhibit B, Counts I-III. Nor do Plaintiffs allege that they were damaged by PRC-MO. Although Count III alleges that Pinnacle took certain actions "through its subsidiary PRC-MO," that does not create any legal claim against PRC-MO. Because Plaintiffs do not even allege any claims against PRC-MO, "no cause of action lies" against PRC-MO, and its citizenship should be disregarded. Reeb, 902 F. Supp. At 186.

11. Nor could Plaintiffs make any claim against PRC-MO. The claims alleged in the Petition all arise under the Redevelopment Agreement between LCRA and Pinnacle, and PRC-MO is not a party to that Agreement. *See Anderson*, 724 F.2d at 84 (fraudulent joinder found, and removal proper, where the resident defendant was not a party to the contract and the complaint stated no claim against him). Specifically, Count I seeks an order declaring the

parties' respective rights under the Redevelopment Agreement, Count II claims anticipatory repudiation of the Redevelopment Agreement, and Count III claims breach of the covenant of good faith and fair dealing implied in the Redevelopment Agreement. *See* Exhibit B. Because PRC-MO is not a party to the contract, and no damage claim is asserted against it, it has been improperly joined and its citizenship for determining diversity of the parties should be disregarded. *Anderson*, 724 F.2d at 84.

12. Plaintiffs cannot defeat Pinnacle's right to remove by joining a sham defendant whose presence in a lawsuit serves only to defeat diversity jurisdiction. *BP Chemicals LTD v. Jiangsu Sopo Corp.*, 285 F.3d 677, 685 (8th Cir. 2002); *Kansas Public Employees Retirement Sys. v. Reimer v. Koger Assoc's., Inc.*, 77 F.3d 1063 (8th Cir. 1996), *cert. denied*, 117 S.Ct. 359 (1996). The fraudulent joinder doctrine "protect[s] the integrity of [federal] jurisdiction by ensuring it is neither expanded nor retracted by sham pleadings." *BP Chemicals LTD*, 285 F.3d at 685-86. "[J]oinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." *Wiles*, 280 F.3d at 871.

13. Here, it is clear from the face of the Petition that there is no reasonable basis for a claim against PRC-MO. The Petition does not assert any claims against PRC-MO, it does not allege that PRC-MO is liable for any damages, and PRC-MO is not a party to the contract under suit. Thus, PRC-MO should be deemed fraudulently joined, and the Court should disregard PRC-MO's citizenship for purposes of determining diversity.

14. Disregarding PRC-MO's citizenship creates complete diversity of citizenship between the parties, because Plaintiffs are citizens of Missouri and Pinnacle is a citizen of Nevada and Delaware. Because the amount in controversy exceeds $75,000, exclusive of interest and costs, this Court has original jurisdiction over this matter under 28 U.S.C. §1332.

## IV.     REMOVAL TO THIS DISTRICT IS PROPER

15.     Removal venue exists in the United States District Court for the Eastern District of Missouri and is proper in this Court because the Circuit Court of St. Louis City, State of Missouri is within the Eastern District of Missouri.

16.     Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81-2.03, the following documents are attached hereto:

- An index of the items filed with this Notice of Removal is attached hereto as **Exhibit A**;

- A copy of Plaintiff's Petition is attached hereto as **Exhibit B**; and

- Copies of all process, pleadings, and orders served to date upon Pinnacle and PRC-MO are attached hereto as **Exhibit C**.

17.     Written notice of the filing of this Notice of Removal will be promptly served on the attorney for Plaintiffs and a copy has been filed with the Clerk of the Circuit Court of St. Louis City, State of Missouri.

18.     Pinnacle and PRC-MO hereby reserve any and all rights to assert any and all defenses to Plaintiffs' Petition, including but not limited to, the insufficiency of service of process, lack of personal jurisdiction, and improper venue.

19.     Pinnacle and PRC-MO reserve the right to amend or supplement this Notice of Removal.

20.     Pinnacle and PRC-MO have not answered the Petition in state court, and they will do so consistent with Fed. R. Civ. P. 8(c).

21.     Pinnacle and PRC-MO request trial by jury.

STLDOCS 238582v1

WHEREFORE, Pinnacle Entertainment, Inc. and President Riverboat Casino-Missouri, Inc. respectfully remove this action now pending in the Circuit Court of St. Louis City, State of Missouri to this Court.

LATHROP & GAGE LLP

Respectfully submitted,

/s/ Scott J. Dickenson
Jerome D. Riffel, # 22346
Scott J. Dickenson, #497949
LATHROP & GAGE LLP
10 South Broadway, Suite 1300
St. Louis, Missouri 63102-1708
Telephone: (314) 613-2500
Telecopier: (314) 613-2550

Mark J. Briol
William G. Carpenter
Vicki J. Bitner
(admitted pro hac vice)
BRIOL & ASSOCIATES, PLLC
3700 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
Telephone: (612) 337-8410
Telecopier: (612) 331-5151

ATTORNEYS FOR PINNACLE
ENTERTAINMENT, INC. & PRESIDENT
RIVERBOAT CASINO-MISSOURI, INC.

.

STLDOCS 238582v1

## Certificate of Service

I hereby certify a true copy of the foregoing Notice of Removal of Civil Action was served, by First Class United States Mail, Postage Prepaid on June 11, 2010 to the following:

John R. Munich, Esq.
Stinson Morrison Hecker LLP
168 N. Meramec, Suite 400
St. Louis, MO 63105
Attorney for Plaintiffs

/s/ Scott J. Dickenson